[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: April 3, 1992
Date of Application: April 3, 1992
Date Application Filed: April 3, 1992
Date of Decision: October 22, 1996
 Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield at Bridgeport. Docket Number CR91-66581.
Joshua D. Koskoff, Esq., for the Petitioner.
John Smirga, Esq., for the State of Connecticut.
BY THE DIVISION
After a trial by jury the petitioner was convicted of Manslaughter 1st Degree in violation of Conn. Gen. Stat. § 53a-55(a)(3), Attempted Assault 1st Degree in violation of Conn. Gen. Stat. § 53a-49; 53a-59 (a)(1) and Assault 2nd Degree in violation of Conn. Gen. Stat. § 53a-60 (a)(2). The court imposed a sentence of 20 years to serve on the Manslaughter count, five years to serve on the Attempted Assault in the 1st Degree and five years to serve on the Assault 2nd Degree. The court ran the Attempted Assault 1st Degree consecutive to the Manslaughter count and imposed the Assault 2nd concurrent with the 1st and 2nd count for a total effective sentence of twenty-five years to serve.
The record shows that the Bridgeport Police responded to a shooting call in Father Panik Village, a low income CT Page 7618 apartment complex in the City. Two victims were found, one was shot in the right hip and leg, the second was treated for a gunshot wound to the abdomen and he subsequently died from the injuries.
At the hearing counsel for the petitioner argued that the sentencing court failed to take into consideration and give proper weight to the terrible background in which the petitioner was raised. Counsel also felt that the petitioner's criminal history was slight, that he had tremendous family support and that each of those factors were not reflected in the sentence the court imposed. Counsel called the sentence given to the petitioner harsh and asked the panel to at minimum run the consecutive portion concurrently, in order to give his client the sense of hope.
Petitioner, when addressing the panel, thought the sentence imposed by the court was cruel and harsh. He claimed his involvement in the crime was minimal and that he has been trying to improve himself to become a productive citizen. He asked the court for a reduction in the term of the sentence he received.
The attorney for the State of Connecticut noted that the victims were lured into a position and caught in a hail of bullets and explosive crossfire. He reminded the panel that the petitioner has been convicted and that he should not be rewarded for the fact that the bullets he fired ware not proven conclusively to cause the injury to the deceased victim. He felt the sentence should be affirmed and brought to the panel's attention the fact that the petitioner was on supervised home release when he was involved in these crimes.
In reviewing the remarks of the sentencing court, we find an experienced judge who expressed no quarrel with the verdict of the jury as to the petitioner. He noted that the crime was an ambush that was planned by the petitioner. The court considered the petitioner's prior criminal record, which consists of drug convictions, in the process of sentencing.
The function of this Division is to determine whether or not the sentences imposed here fall within a permissible range considering the offense and the circumstances of the crimes. Considering all of the factors which bear upon the sentence imposed, in light of the scope of review imposed by Practice CT Page 7619 Book 942, we cannot find that the sentences imposed are inappropriate or disproportionate. As the trial judge recognized, the offenses the petitioner was convicted of were serious in that a young life was taken in a cruel and heinous manner.
THE SENTENCE IS AFFIRMED.
Norko, J.
Stanley, J.
Klaczak, J.
Norko, J., Stanley, J. and Klaczak, J. participated in this decision.